[604 NYS2d 661]

In the Matter of JAY A. POHLMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 19, 1993

APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Roderick Quebral* of counsel), for petitioner.

*Charles H. Dougherty,* Buffalo, for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent, an attorney admitted to practice in 1981, maintains an office for the practice of law in Blasdell, New York. The petition charges respondent with, *inter alia,* neglect and misrepresentation arising from his handling of a real estate transaction and failure to cooperate in petitioner's investigation.

Respondent represented both the sellers and the buyers in the transfer of real property. Although the parties were aware of the dual representation, respondent failed to advise his clients of the different interests involved and did not obtain their informed consent to the dual representation. The sale and conveyance of title took place in respondent's office on April 10, 1990, at which time respondent collected money from the sellers to cover the costs of the title search, title insurance, transfer tax, and recording fees. Respondent did not actually record the deed until January 27, 1993, and did not provide the complete title search and title insurance policy until April 27, 1993, more than three years after the closing, despite many attempts by the sellers' new attorney to have respondent complete the closing. Moreover, in a letter to the successor attorney dated July 27, 1990, respondent misrepresented that he had recorded the deed "last week". The petition alleged, as a second charge, that respondent failed to respond to inquiries from the Erie County Bar Association and from petitioner regarding his handling of this matter until he was required personally to appear at petitioner's offices for a conference.

In his verified answer, respondent admitted the factual allegations of the petition although he declined to admit the conclusions drawn in the petition concerning the legal effects of his actions. Respondent denied any intent to violate his professional obligations and asserted that he is suffering from a personality disorder for which he is receiving treatment. Respondent submitted a letter from a psychologist who examined respondent and referred him for psychotherapy. The psychologist opined that respondent suffers from an obsessive-

compulsive personality disorder—a constant striving for perfection that interferes with his ability to complete tasks. Any failure to perform a task perfectly results in respondent's engaging in denial and procrastination. The psychologist further opined that respondent's failure to respond to inquiries from the Bar Association and from petitioner was the result of "similar denial". Respondent is currently receiving treatment and his prognosis is positive.

We conclude that respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5), (7); DR 1-105 (A), (C); DR 6-101 (A) (3); DR 7-101 (A) (2); DR 9-102 (C) (4). After considering mitigating circumstances, including respondent's personality disorder and his willingness to seek treatment, the absence of any personal profit motive and the absence of loss to the clients, we conclude that respondent should be censured.

PINE, J. P., BALIO, LAWTON, BOOMER and DAVIS, JJ., concur.

Order of censure entered.